# United States District Court
## for the Northern District of Oklahoma

Case No. 22-cv-475-JDR-CDL

Cynthia Exline-Johnson,

*Plaintiff*,

versus

Rosser Properties, LLC; Pamela C. Rosser; Lacy Lofton,

*Defendants*.

### OPINION AND ORDER

In October 2019, Plaintiff Cynthia Exline-Johnson moved to an apartment owned by Defendant Rosser Properties, LLC and managed by Defendant Pamela Rosser (collectively, the "Rosser Defendants"). When other tenants complained about Ms. Johnson's smoking habits, the Rosser Defendants advised Ms. Johnson that her lease would not be renewed. They served her with a sixty-day notice of termination in July 2022. Near the close of the sixty-day period, Ms. Johnson represented that she was disabled and asked for a reasonable accommodation to remain in her apartment. The Rosser Defendants denied her request. Ms. Johnson sued Rosser Properties, Ms. Rosser, and her neighbor, Lacy Lofton, alleging that they discriminated against her in violation of the Fair Housing Act, the Oklahoma Discrimination in Housing Act, the Oklahoma Residential Landlord and Tenant Act, and the Oklahoma Consumer Protection Act. Ms. Johnson also asserts a state-law libel claim against Ms. Lofton. Defendants have filed motions for summary judgment on each of these claims. Dkts. 28, 29. For the reasons set forth below, the Court grants Defendants' motions on Ms. Johnson's federal claims. The Court dismisses Ms. Johnson's state-law claims.

No. 22-cv-475

I

At the summary judgment stage, this Court must view the facts in the light most favorable to and draw all inferences in favor of the non-moving party. *See Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000). Summary judgment is proper if the moving party shows there are no genuine disputes as to any material facts and it is entitled to judgment as a matter of law. *Id.*; *see* Fed. R. Civ. P. 56(a). To make this showing, the moving party must present evidence demonstrating the absence of a genuine issue of material fact beyond a reasonable doubt. *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002), as amended on denial of reh'g (Jan. 23, 2003). The moving party may satisfy this burden by (1) pointing to evidence of record that negates an essential element of the non-moving party's claim, or (2) showing that the non-moving party cannot produce admissible evidence to establish a fact necessary to support its claim. *Trainor*, 318 F.3d at 979. *See* Fed. R. Civ. P. 56(c)(1).

If the moving party satisfies its initial burden, the non-moving party must identify specific evidence establishing that there remain genuine disputed issues of material fact for trial. *See Trainor*, 318 F.3d at 982 (indicating that a court must determine whether the non-moving party had "shown the presence of a genuine issue of material fact precluding summary judgment"). The non-moving party cannot make this showing with arguments alone. Instead, it must "cit[e] to particular parts of materials in the record" showing the "presence of a genuine dispute, or that [the moving] party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A non-moving party cannot defeat summary judgment simply by stating that it is not in possession of relevant evidence justifying its opposition. If a non-moving party needs more information to refute a motion for summary judgment, it must submit an affidavit or declaration setting forth the specific reasons why it cannot present facts that would defeat the motion. *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (describing what a party must

2

No. 22-cv-475

establish to obtain additional discovery pertinent to a motion for summary judgment). *See* Fed. R. Civ. P. 56(d). A court has discretion to grant additional discovery when necessary to establish the presence or absence of a factual dispute. *Gutierrez*, 841 F.3d at 908.

In a similar vein, a party cannot defeat summary judgment by objecting to the admissibility of the materials cited by the moving party. "At the summary judgment stage, evidence need not be submitted 'in a form that would be admissible at trial.'" *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). For example, affidavits may be submitted in support of a motion for summary judgment so long as the testimony within them "may ultimately be presented at trial in an admissible form." *Argo*, 452 F.3d at 1199. *See* Fed. R. Civ. P. 56(c)(2) (indicating that a party may object to cited material that "cannot be presented in a form that would be admissible in evidence").

Finally, a non-moving party's conclusory, self-serving affidavit cannot create a genuine issue of disputed material fact. *See Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) (recognizing that affidavits concluding that others were treated differently, without setting forth the factual basis to support that conclusion, were insufficient to defeat summary judgment). A party resisting a motion for summary judgment cannot rely on conclusory opinions, allegations, speculations, beliefs, or suspicions. *See Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988); *Colony Nat'l Ins. v. Omer*, No. 07-2123-JAR, 2008 WL 2309005, at *1 (D. Kan. June 2, 2008). Instead, she must present evidence of what she actually knows, perceived, or observed. *See Argo*, 452 F.3d at 1200 (recognizing that, at the summary judgment stage, a court may disregard inadmissible affidavits describing statements of belief or facts the witness could not have perceived or observed) (quoting *United States v. Sinclair*, 109 F.3d 1527, 1536 (10th Cir.1997), and *Tavery v. United States*, 32 F.3d 1423, 1427 n.4 (10th Cir.1994)).

No. 22-cv-475

Ms. Johnson's response briefs fall short of the mark set by Rule 56. Ms. Johnson disputes or objects to most of the statements of facts presented by the Defendants. *See generally* Dkt. 47 at 6-12.[1] Some of these denials are based on her own lack of knowledge or information concerning an asserted fact, *e.g., id.* at 6-7 (response to statements of fact nos. 2, 4, 5, 9, 11), but Ms. Johnson does not accompany her denials with a request for additional discovery, *cf. Gutierrez*, 841 F.3d at 908. In other instances, Ms. Johnson objects that Defendants' evidence is inadmissible as presented [Dkt. 47 at 6-10 (response to statements of fact nos. 4, 5, 9, 10, 14)], but she does not show or argue that the challenged evidence "cannot be presented in a form that would be admissible in evidence" as required by Rule 56(c)(2). And Ms. Johnson makes several attempts to refute factual assertions with unfounded statements of her own belief or opinion. *See* Dkt. 47 at 8 (response to statement of fact no. 16) (disputing whether Malcom Rosser had authority to issue a notice of nonrenewal); *id.* at 10 (response to statement of fact no. 23) (denying whether Ms. Rosser received complaints and citing her own statement of belief in support). Although these problems do not preclude the Court from ruling on Defendants' motions, they do complicate the Court's analysis. Accordingly, rather than setting forth a cohesive statement of undisputed facts, the Court will address any factual issues in the context of Ms. Johnson's claims and will resolve her evidentiary objections as necessary.

II

Ms. Johnson claims that the Rosser Defendants have made and published notices and statements that "evidence a preference, a limitation, or discrimination based upon religion and disability" in violation of the Fair Housing Act, 42 U.S.C. § 3604(c). Dkt. 3-1 at ¶¶ 99-103. In support of this claim, Ms. Johnson points to a confrontation she had with Ms. Rosser: During the encounter, Ms. Rosser allegedly raised concerns about the way Ms.

---

[1] All citations utilize CMECF pagination.

No. 22-cv-475

Johnson spoke to a service provider, and Ms. Johnson responded that she "would never speak disrespectfully to a serviceworker because of [her] spirituality." Dkt. 47-1 at 3. Ms. Rosser allegedly responded by putting her hands together as though she was praying and saying "Oh, you're so spiritual. Nobody's ever going to believe that." *Id.* This is the only evidence cited in support of Ms. Johnson's § 3604(c) claim.[2]

The evidence presented by Ms. Johnson is insufficient to establish a genuine dispute as to whether the Rosser Defendants violated § 3604(c) for two reasons. First, § 3604(c) prohibits only statements or advertisements made "*with respect to the sale or rental of a dwelling* that indicate[] any preference, limitation, or discrimination based on . . . religion . . . ." 42 U.S.C. § 3604(c) (emphasis added). *See McAdoo v. Vici Cmty. Dev. Corp.*, No. CIV-19-515-R, 2020 WL 2529368, at *3 (W.D. Okla. May 18, 2020) (recognizing that, to establish a right to relief under § 3604(c), a plaintiff must show that the defendant made (1) a statement (2) with respect to the sale or rental of a dwelling that (3) indicated a preference on an improper basis). The statement at issue here was not made, printed, or published "with respect to the sale or rental of a dwelling" as required by the statute. Instead, the statement arose out of a dispute concerning whether Ms. Johnson's spirituality affected how she treated service workers and whether Ms. Rosser believed her. Dkt 47-1. at 3. Nothing about this statement places it within the purview of § 3604(c), a remedial statute designed to prohibit advertisements and statements suggesting that the availability of housing depends upon the religion of the would-be tenant. *See White v. U.S. Dep't of Housing and Urban Dev.*, 475 F.3d 898, 905 (7th Cir. 2007) (recognizing that § 3604(c) prohibits the use of "words or phrases which convey that dwellings are not available to a particular group of persons"). *Cf Smith v. Avanti*, 249 F. Supp. 3d 1194, 1198 (D. Colo. 2017)

---

[2] The Court accepts that this encounter took place as alleged by Ms. Johnson for purposes of this motion.

(holding that emails indicating that the plaintiffs could not rent a property were statements made "with respect to the sale or rental of a dwelling").

Second, § 3604(c) prohibits only statements that indicate preference, limitation, or discrimination based on religion. 42 U.S.C. § 3604(c); *McAdoo*, 2020 WL 2529368, at *3. When evaluating whether this requirement is satisfied, the Court uses an "ordinary listener" standard. *Watson v. Vici Cmty. Dev. Corp.*, No. CIV-20-1011-F, 2022 WL 910155, at *3 (W.D. Okla. Mar. 28, 2022) (collecting cases). If an ordinary listener—who is neither the most suspicious or the most insensitive of citizens—would "believe the statement suggests a preference, limitation, or discrimination based on disability, the statement is deemed discriminatory." *Id.* (citations and quotation marks omitted). The Court concludes that no ordinary listener would believe that a religion-based preference, limitation, or discrimination was expressed by Ms. Rosser. If anything, the statement made by Ms. Rosser suggests that she (and perhaps others) would not believe Ms. Johnson to be religious at all: A reasonable listener hearing Ms. Rosser's statement that "nobody" would believe Ms. Johnson was spiritual simply would not conclude that Ms. Rosser *did* believe that Ms. Johnson was spiritual and opted to discriminate against her *because* of her spirituality. The evidence is insufficient to create a disputed question of fact as to whether the Rosser Defendants violated § 3604(c) by making a statement of religious preference with respect to the rental of a dwelling, and the Rosser Defendants' motion for summary judgment is granted with respect to that claim.[3]

---

[3] In her complaint, Ms. Johnson alleges that the Rosser Defendants published a notice indicating a preference "based upon religion *and disability*." Dkt. 3-1 at ¶ 101 (emphasis added). She has pointed to no statement by the Rosser Defendants indicating a disability-based preference, and she focuses solely on a single statement regarding Ms. Johnson's spirituality when arguing that her § 3604(c) claim should survive summary judgment. Dkt. 47 at 13-17. Because Ms. Johnson failed to address this alternative claim in response to the Rosser Defendants' motion, she abandoned any claim that the Rosser Defendants violated § 3604(c) by making a statement reflecting a preference based on ability or disability.
*(footnote continues)*

No. 22-cv-475

## III

Ms. Johnson also claims that the Rosser Defendants violated 42 U.S.C. § 3604(f) by (a) making housing unavailable to Ms. Johnson because of her disability, and (b) failing to grant Ms. Johnson a reasonable accommodation that was necessary to afford her with an equal opportunity to use and enjoy her apartment.[4] Dkt. 3-1 at 14. The Rosser Defendants argue that these claims fail as a matter of law because Ms. Johnson is not disabled, was not regarded as disabled, was not treated differently because of any actual or perceived disability, and was not denied any accommodation that was necessary to afford her with an equal opportunity to use and enjoy her apartment. The Court agrees with the Rosser Defendants.

### A

Section 3604(f)(1) of the Fair Housing Act prohibits landlords from discriminating in or denying the rental of a dwelling to a renter because of the handicap of that renter. 42 U.S.C. § 3604(f)(1). The Rosser Defendants contend they are entitled to summary judgment on Ms. Johnson's § 3604(f)(1) claim because there is no evidence that Ms. Johnson is disabled, because Ms. Johnson has denied being disabled, and because the evidence establishes Ms. Johnson's lease was terminated for reasons unrelated to any actual or

---

*Hinsdale v. City of Liberal, Kan.*, 19 F. App'x 749, 768-69 (10th Cir. 2001) (affirming district court's holding that the plaintiff abandoned his claim by failing to address it in response to the defendants' motion for summary judgment).

[4] Although Ms. Johnson alleges that the Rosser Defendants made statements evidencing a religion-based preference, she does not allege that she was denied housing because of her religion. *Compare* Dkt. 3-1 at ¶ 101 (alleging that the Rosser Defendants "made statements and published notices" evidencing a preference based upon religion and disability), *with id.* at ¶ 102 (alleging that the Rosser Defendants "made . . . housing unavailable to the Plaintiff, in part, on the basis of disability"). Furthermore, when discussing whether her religious discrimination claim should survive summary judgment, Ms. Johnson focused solely on the alleged statement of religious preference, and not any other acts of religious discrimination. *See* Dkt. 47 at 13-17. To the extent Ms. Johnson had initially alleged a religious discrimination claim under § 3604(f), she abandoned that claim by failing to address it in response to the Rosser Defendants' motion. *Hinsdale*, 19 F. App'x at 768-69.

No. 22-cv-475

perceived disability. *See* Dkt. 29 at 13-18 (discussing evidence of the reasons for terminating Ms. Johnson's lease and the absence of any medical evidence of Ms. Johnson's disability). By setting forth this evidence, the Rosser Defendants have made a preliminary showing that the facts of this case warrant judgment in their favor. *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002).

Because the Rosser Defendants have made this initial showing, Ms. Johnson must respond by pointing to facts that, if true, would permit a jury to conclude that the Rosser Defendants discriminated against her because of her disability. To do so, Ms. Johnson can present either direct proof of the Rosser Defendants' discriminatory intent or circumstantial evidence of discrimination. *Cinnamon Hills Youth Crisis Ctr., Inc. v. Saint George City*, 685 F.3d 917, 919 (10th Cir. 2012). Ms. Johnson has not presented any direct evidence of discriminatory intent. Accordingly, the Court must determine whether she has presented sufficient circumstantial evidence of discrimination to survive summary judgment under the familiar *McDonnell Douglas* burden-shifting framework. *Id.*

Under the *McDonnell Douglas* framework, Ms. Johnson bears the initial burden of presenting evidence of a prima facie case of discrimination. *Asbury v. Brougham*, 866 F.2d 1276, 1279 (10th Cir. 1989). To do so, Ms. Johnson must first present evidence that she is handicapped for purposes of the FHA, and then present evidence that the Rosser Defendants treated her differently because of her disability. *Cinnamon Hills*, 685 F.3d at 920 (recognizing that, at the first step of the *McDonnell Douglas* analysis, the plaintiff must "com[e] forward with a prima facie case of discrimination, a case that must include evidence suggesting the city denied the variance because of" the resident's disability (emphasis removed)); *Shaw v. Cherokee Meadows, LP*, No. 17-cv-610-GKF-JFJ, 2019 WL 7340138, at *10 (N.D. Okla. Dec. 30, 2019) (holding that, to establish a prima facie case of discrimination based on handicap, the plaintiffs were required to show they were handicapped, they applied and

were qualified to rent a unit, they were denied the opportunity to rent a unit, and the unit remained available).

Ms. Johnson cannot make this prima facie showing because she has presented no evidence that, if true, would permit a jury to conclude she is handicapped. For purposes of the FHA, the term "handicap" encompasses "(1) a physical or mental impairment which substantially limits one or more of [a] person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment." 42 U.S.C. § 3602(h). Ms. Johnson argues that a jury could find that she has a handicap under § 3602(h)(1) because she has a condition that impairs her sleeping, which is a major life activity. *See Steele v. Thiokol Corp.*, 241 F.3d 1248, 1253 (10th Cir. 2001) (noting that the Tenth Circuit has "accepted sleeping as a major life activity"). She also argues, in the alternative, that even if she does not have such an impairment, the Rosser Defendants regarded her as handicapped for purposes of § 3602(h)(3).

Ms. Johnson cannot establish that she has a handicap under § 3602(h)(1) because there is no evidence that she has an impairment that *substantially* limits a major life activity. *See Mazzocchi v. Windsor Owners Corp.*, 204 F. Supp. 3d 583, 609 (S.D.N.Y. 2016). A major life activity is substantially limited if the impairment "'prevent[s] or severely restrict[s]' the major life activity and has a 'permanent or long term impact.'" *Id.* (alterations in original) (quoting *Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 43 (2d Cir. 2015)). There is no record that Ms. Johnson's impairment is severe, is permanent, or has a long-term impact. Although Ms. Johnson claims that she has had difficulty sleeping following the death of her husband in 2013, she provides no details as to the frequency or severity of her alleged impairment, whether her impairment can be controlled or lessened by medication, or the

No. 22-cv-475

extent to which her inability to sleep affects her. In fact, Ms. Johnson has denied that her inability to sleep renders her disabled. Dkt. 47-16 at 50, 94.[5]

Ms. Johnson argues that the Court should not hold her disclaimer against her, as she lacks the legal and medical knowledge to determine whether she is handicapped as a matter of law. The Court recognizes that Ms. Johnson's subjective opinion that she is not disabled would not, in the face of contrary evidence, preclude a jury from finding that Ms. Johnson is handicapped for purposes of § 3602(h)(1). The problem for Ms. Johnson is that there is no contrary evidence. The only support Ms. Johnson provides for her claimed disability is her own testimony that she doesn't "sleep very well." Dkt. 47 at 18.[6] This assertion, without more, is insufficient under Tenth Circuit precedent to establish that Ms. Johnson has an impairment that *substantially limits* her ability to sleep. *See Steele v. Thiokol Corp.*, 241 F.3d 1248, 1254 (10th Cir. 2001) (holding that the district court correctly concluded there was insufficient evidence of a substantial limitation of the plaintiff's ability to sleep where the plaintiff testified that he was "often awake" at night and tired during the day, but failed to present any evidence that his sleep problems made it difficult for him to go to work or affected his overall health in a severe or permanent manner).[7] The evidence simply cannot support the conclusion that Ms. Johnson is handicapped under § 3602(h)(1).

---

[5] *See* Dkt. 47-16 at 50 ("Q: Because you don't allege you have a disability; correct? A: I allege that I am perceived to have a disability. Q: But you don't believe you are disabled? A: No. Q: And you don't claim to be disabled? A: I am claiming to be perceived as disabled.").

[6] Although Ms. Johnson describes this as an "example" of how her alleged impairment affects her life, she cites to no other evidence in support of her contention that a reasonable jury could find her to be disabled. *See* Dkt. 47 at 17-19; *id.* at 10, 14 (response to statements of facts nos. 27, 28; additional statements of facts nos. 43-45).

[7] *See also Doyal v. Oklahoma Heart, Inc.*, 213 F.3d 492, 496 (10th Cir. 2000) (holding that a declaration that the plaintiff experienced insomnia, could sleep only one to three hours a night, and had a hard time falling asleep even with medication did not support the
*(footnote continues)*

No. 22-cv-475

Ms. Johnson next argues that, even if she cannot establish an actual disability, her claims can proceed because the Rosser Defendants regarded her as having an impairment that substantially limited one or more life activities. *See* 42 U.S.C. § 3602(h)(3); Dkt. 47 at 18-19. To show the Rosser Defendants regarded her in this way, Ms. Johnson must present evidence showing that the Rosser Defendants subjectively—and incorrectly—believed Ms. Johnson had a substantially limiting impairment. *Equal Emp. Opportunity Comm'n v. BNSF Ry. Co.*, 853 F.3d 1150, 1156 (10th Cir. 2017). She has presented no such evidence. Ms. Johnson claims that the Rosser Defendants produced documents "pertaining to this case" indicating they believed Ms. Johnson to be mentally disabled and/or unable to climb stairs, but she has not identified those documents or attached them to her brief, nor has she provided details that would permit a jury to conclude that the Rosser Defendants perceived Ms. Johnson to be disabled.

Ms. Johnson has likewise failed to allege, let alone present evidence, that the Rosser Defendants observed Ms. Johnson struggling with major life activities or had knowledge of Ms. Johnson's medical conditions. *Cf. Keneipp v. MVM, Inc.*, 267 F. Supp. 3d 1317, 1322 (N.D. Okla. 2017) (concluding that a jury could find that the defendant regarded the plaintiff as disabled when

---

conclusion that she was "significantly restricted in her ability to sleep" in view of evidence that medication would sometimes help and would sometimes allow her to sleep for fourteen hours at a time); *Pack v. Kmart Corp.*, 166 F.3d 1300, 1306 (10th Cir. 1999) (holding that the district court did not err in finding that the plaintiff had failed to show her ability to sleep was substantially limited notwithstanding her testimony that she would only get two or three hours of sleep and would wake up without feeling rested, as her sleep problems were addressed with medication and there was no showing of a severe, long-term, or permanent impact); *Minjarez v. Potter*, No. CIV 09-0543 JB, 2010 WL 4054121, at *27 (D.N.M. Sept. 28, 2010) (holding that the plaintiff's testimony that she could not sleep without medication failed to rise to the level of a substantial limitation). Although some of these cases concern claims brought under the ADA, rather than the FHA, the term "substantially limits" appears in both remedial statutes and should be interpreted congruently. *E.g., McFadden v. Meeker Hous. Auth.*, No. 16-cv-2304-WJM-GPG, 2019 WL 652598, at *12 (D. Colo. Feb. 15, 2019).

the defendant was aware of the plaintiff's sciatica diagnosis). All Ms. Johnson presents to establish the Rosser Defendants' perception is her own, subjective belief that the Rosser Defendants perceived her as old, frail, and unable to navigate stairs. *See* Dkt. 47 at 18-19; *id.* at 11, 13 (response to statement of fact no. 35; additional statement of fact no. 51); Dkt. 47-1 at 4. Ms. Johnson's subjective belief is insufficient, without more, to establish that the Rosser Defendants regarded Ms. Johnson as having an impairment that substantially limited a major life activity for purposes of § 3602(h)(3). *See Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988) (recognizing that facts, rather than conclusory allegations, are necessary to defeat summary judgment).

Because Ms. Johnson cannot establish that she was handicapped under either § 3602(h)(1) or (3), she cannot make out a prima facie case of discrimination under the *McDonnell Douglas* framework. This, alone, necessitates entry of summary judgment in favor of the Rosser Defendants. *E.g., Morgan v. Becerra*, No. 1:21-cv-01139-JHR-GBW, 2024 WL 4349371, at *7 (D.N.M. Sept. 30, 2024) (granting summary judgment where the plaintiff could not establish the qualifications element of his prima facie case). Accordingly, the Rosser Defendants' motion is granted with respect to Ms. Johnson's claims that the Rosser Defendants discriminated against her with respect to the rental of a dwelling in violation 42 U.S.C. § 3604(f)(1).

### B

Ms. Johnson next contends that the Rosser Defendants violated 42 U.S.C. § 3604(f)(3)(B) by failing to make reasonable accommodations to afford her an equal opportunity to use and enjoy her apartment. *See* Dkt. 3-1 at 14-15. To prevail on her failure-to-accommodate claim, Ms. Johnson must show that "(1) [she] is handicapped within the meaning of the FHA; (2) [the Rosser Defendants] knew or reasonably should have known of [her] claimed disability; (3) [she] requested an accommodation of [her] disability that was necessary to afford [her] an equal opportunity to use and enjoy the dwelling;

(4) the requested accommodation was reasonable; and (5) [the Rosser Defendants] refused to make the requested accommodation." *Metropolital Fair Hous. Council of Oklahoma, Inc. v. Feiock*, No. CIV-23-115-GLJ, 2024 WL 1516075, at *3 (E.D. Okla. Apr. 8, 2024).

In view of the foregoing, it is evident that Ms. Johnson's § 3604(f)(3)(B) claims fail for the same reasons as her other § 3604 claims. Ms. Johnson has presented no evidence that could establish a genuine factual dispute as to whether she is handicapped for purposes of the FHA, and she has likewise presented no evidence that the Rosser Defendants believed, let alone knew or should have known, that Ms. Johnson was disabled. *See* Section IIIA, *supra*. Absent such evidence, Ms. Johnson's failure-to-accommodate claim cannot proceed to trial. The Rosser Defendants' motion for summary judgment is granted with respect to that claim.

IV

Ms. Johnson alleges that both the Rosser Defendants and Defendant Lacey Lofton retaliated against her for exercising her rights under the Fair Housing Act in violation of 42 U.S.C § 3617. To prevail on this claim, Ms. Johnson must show that "(1) she is a protected individual under the FHA, (2) she was engaged in the exercise or enjoyment of her fair housing rights, (3) [Defendants] coerced, threatened, intimidated, or interfered with [Ms. Johnson] on account of her protected activity under the FHA, and (4) [Defendants] were motivated by an intent to discriminate." *Hatfield v. Cottages on 78th Cmty. Ass'n*, No. 21-4035, 2022 WL 2452379, at *8 (10th Cir. July 6, 2022) (quoting *Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009)). Ms. Johnson has failed to present evidence that, if true, could establish a genuine factual dispute as to at least the third element of her claim.

Ms. Johnson suggests that she is a "protected individual" who "engaged in the exercise . . .of her fair housing rights" when she asked the Rosser Defendants to accommodate her disability by allowing her to remain in her

No. 22-cv-475

apartment. Dkt. 47 at 11 (response to statement of fact no. 35); Dkt. 47-4.[8] The Court assumes this to be the case. Nevertheless, the Court finds that there is no evidence that any of the Defendants coerced, threatened, intimidated, or interfered with Ms. Johnson on account of her request for an accommodation. Ms. Johnson's brief arguments on this point consist primarily of conclusions that the Defendants "interfered" with her occupancy and enjoyment of the premises, "harass[ed] her," and enlisted others to "harass her and defame her with the intention of interfering with her legal representation." Dkt. 47 at 26; Dkt. 48 at 6-7 (alleging that Ms. Lofton stated she should not speak with Ms. Johnson after the lawsuit was filed, delivered a letter indicating that she noticed the odor of marijuana coming from Ms. Johnson's apartment and asking Ms. Johnson not to smoke, and monopolized a common area). Ms. Johnson provides no details regarding the alleged harassment and provides no record cites to support her conclusions. Dkt. 47 at 26; Dkt. 48 at 6-7. As a result, she falls far short of her obligation to present *facts* that, if true, would allow a jury to conclude that Defendants retaliated against her. *Cf. McAdoo v. Vici Cmty. Dev. Corp.*, No. CIV-19-515-R, 2020 WL 2529368, at *7 (W.D. Okla. May 18, 2020) (noting that the plaintiff had not "provide[d] a single citation for any listed fact" allegedly establishing a violation of § 3617, and concluding that her unsupported allegations were "not sufficient to survive a motion for summary judgment") (citing *Mitchell v. City of Moore*, 218 F.3d 1190, 1198–99 (10th Cir. 2000)).

---

[8] In July 2022, the Rosser Defendants sent Ms. Johnson a notice indicating her lease would not be renewed. Dkt. 47-4. The Rosser Defendants claim they decided not to renew her lease due to repeated complaints from other tenants regarding Ms. Johnson's smoking. Ms. Johnson disputes whether the Rosser Defendants received any complaints and alleges that the Rosser Defendants' stated reasons for ending her tenancy were pretext. She does not, however, deny that she was notified in July 2022 that her lease would end in September of 2022. *Id.* Ms. Johnson did not seek an accommodation for her disability until September 20, 2022. *Id.*

No. 22-cv-475

## V

For the reasons set forth above, Defendants are entitled to summary judgment with respect to all of Ms. Johnson's federal claims. Ms. Johnson's remaining claims are state-law claims, some of which bear a relationship to Ms. Johnson's FHA claims, and some of which seek relief for separate harms. *See* Dkt. 3-1 at 15-22 (setting forth claims of disability discrimination, religious discrimination, age discrimination, retaliation, and libel). The Court has not been made aware of any compelling reasons for retaining jurisdiction of the state-law claims, at least some of which concern facts and legal theories unrelated to Ms. Johnson's federal claims. *See* Dkt. 47 at 27. Absent evidence to the contrary, the Court concludes that the discovery conducted to date would permit the parties to proceed expeditiously in state court, and that neither the nature and extent of the pretrial proceedings nor the interests of judicial economy, convenience, and fairness would be served by retaining jurisdiction over the state-law claims, which should ordinarily be tried in state court in the absence of compelling reasons to the contrary. *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990). Accordingly, the Court grants Defendants' motions for summary judgment with respect to Ms. Johnson's federal claims and dismisses her state-law claims without prejudice.

DATED this 10th day of July 2025.

_____
JOHN D. RUSSELL
*United States District Judge*